## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, *et al.,* | ) ) ) | |
| Plaintiffs. | ) ) | MC-20-5 |
| vs. | ) ) | |
| ACKERMAN MCQUEEN, INC., *et al.,* | ) ) ) | |
| Defendants. | ) ) | |

### NON-PARTY MOVANT CHICKASAW NATION, BILL LANCE, AND DAVID DANIEL BOREN'S SPECIAL APPEARANCE OF
### MOTION TO QUASH SUBPOENA

The Chickasaw Nation (hereinafter "Nation"), a federally recognized Indian tribe, Mr. Lance, and Congressman Boren, appearing specially by their counsel without waiver of any of their procedural rights, objections, defenses, or sovereign immunity, and only for the limited purpose of moving to quash subpoenas for testimony and production of documents. The Nation herby moves the Court for an order quashing any and all requests for testimony and documents related to the Nation under the subpoenas issued by The National Rifle Association of America (hereinafter "NRA") in Northern District of Texas. In support, the Nation, Mr. Lance, and Congressman Boren state the following:

The Nation is a federally recognized tribe possessing sovereign immunity from suit. The Nation is not a party to this suit and does not otherwise waive its sovereign immunity or subject itself to the jurisdiction of this Court, and the subpoena should be quashed based

on the Nation's sovereign immunity from suit. *See Bonnet v. Harvest (U.S.) Holdings, Inc.,* 742 F.3d 1155 (10th Cir. 2014).

It is well established that Indian tribes exercise "inherent sovereign immunity" from their status as "domestic dependent nations." *Kiowa Tribe of Okla. v. Mfg. Techs., Inc.* 523 U.S. 751, 754 (1998); *Sanders v. Anoatubby,* 631 F. App'x 618, 621 (10th Cir. 2015) (holding that the Chickasaw Nation is "a sovereign government [and] is immune from suit absent congressional abrogation or a clear waiver by the Nation"). As a domestic dependent nation exercising inherent sovereign immunity, tribe's possess immunity from suits traditionally enjoyed by sovereign powers and are subject only "to the superior and plenary control of Congress." *Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 58 (1978).

Tribal sovereign immunity applies to both federal and state court jurisdictions. A tribe is only subject to suit where the tribe has waived its immunity or where Congress has authorized a tribe to be sued. *Sheffer v. Buffalo Run Casino, PTE, Inc.,* 2013 OK 77, ¶ 41. (quoting *Dilliner v. Seneca-Cayuga Tribe,* 2011 OK 61, ¶ 12). Additionally, "a waiver of sovereign immunity cannot be implied but must be unequivocally expressed." *Id.* at 56. Furthermore, the Nation's sovereign immunity extends to its subdivisions, *Native Am. Distrib. v. Seneca-Cayuga Tobacco Co.,* 546 F.3d 1288, 1292 (10th Cir. 2008), as well as to its tribal officers "so long as they are acting within the scope of their official capacities." *Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1154 (10th Cir. 2011). Therefore, "tribal immunity protects tribal officials against claims in their official capacity. *Fletcher v. United States*, 116 F.3d 1315, 1324 (10th Cir. 1997).

On May 20 & 21, 2020[1], the NRA served subpoenas to Congressman Boren, the former President of Corporate Development with the Chickasaw Nation, and Mr Lance. the current Secretary of Commerce for the Chickasaw Nation and seeking testimony and documents for business dealings between the Nation and Ackerman McQueen. [Attached as Exhibits 1 & 2].   All of the testimony and documents sought are directly related to information obtained in their course of their official duties with the Nation. In fact, the NRA is aware of the Nation's sovereign immunity and are trying to circumvent it by issuing the subpoena to the individuals, which cannot stand. In a pleading filed on February 21, 2020 in the Western District of Oklahoma, in a footnote, the NRA indicates that it tried to serve the Nation, but service was denied "based on sovereign immunity" and implied it would not attempt reservice. [MC-20-0001-HE, Doc. 6, Page 6, n. 1].

In Congressman Dan Boren's case, he was an employee of the Nation from 2013 to 2019. In his personal capacity, he served on the Board of Directors of the NRA from around 2008 until 2019. It appears from pleadings that the issue before the Court in the Northern District for Texas relate to an alleged conspiracy to oust Wayne LaPierre, Chief Executive Officer of the NRA, in which Congressman Boren inadvertently has knowledge of a small number of communications. The other issue relates to alleged billing irregularities between Ackerman McQueen and the NRA. The subpoena issued by the NRA to Congressman Boren, with the possible exception of one item, relates solely to business interactions

---

[1] The NRA failed to comply with the notice requirement of Fed. Civ. R. 45(a)(4) or respond to an objection letter and follow up telephone call, therefore this motion is being filed out an abundance of caution.

between Ackerman McQueen and the Nation.  Any and all such request for testimony or documents of the Nation and related to his former employment should be quashed.[2]

The Tenth Circuit recently reversed a lower court's denial of a motion to quash based on tribal sovereign immunity. *See Bonnet v. Harvest (U.S.) Holdings, Inc.,* 741 F.3d 1155 (2014). That court held the subpoena on a non-party Indian Tribe itself was a "suit" against the tribe triggering tribal sovereign immunity where the court issued a subpoena for tribally owned records desired by a former tribal contractor. *Id.* Here, like the facts of *Bonnet*, the court has issued a subpoena for records owned by a non-party tribe that has not waived its tribal sovereign immunity.

## CONCLUSION

In support of the foregoing, please see attached Exhibits 3 & 4. Accordingly, the Nation request this Court quash the subpoena directed to Mr. Lance and prohibiting the NRA from questioning Congressman Boren about anything he may know as a result of his employment as a tribal official or providing any of the Nation's documents.

---

[2] Congressman Boren is no longer employed with the Chickasaw Nation and therefore does not have access to records and therefore the subpoena request for documents related to business interactions between the Chickasaw Nation and Ackerman McQueen is rendered moot.

Respectfully submitted,

*/s/ Michael Burrage*
Michael Burrage, OBA No. 1350
Patricia A. Sawyer, OBA No. 30712
**WHITTEN BURRAGE LAW FIRM**
512 North Broadway Avenue, Ste 300
Oklahoma City, OK 73102
Telephone (405) 516-7800
Facsimile (405) 516-7859
mburrage@whittenburragelaw.com
psawyer@whittenburragelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon counsel of record in the above cause via email in accordance with the Federal Rules of Civil Procedure and the Local Rules on this 3rd day of June 2020.

/s/ Michael Burrage