IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, ) ) ) Plaintiff, ) ) vs. ) ) ACKERMAN MCQUEEN, INC., et al., ) ) Defendants. ) | Case No. MC-20-5-C |

O R D E R

Plaintiff sued Defendants alleging infringement on intellectual property rights and other wrongs. During the course of discovery in that litigation, Plaintiff served subpoenas on non-parties William ("Bill") Lance and David Daniel "Dan" Boren. The subpoenas sought testimony and production of documents from Mr. Lance and Mr. Boren that arose from their employment with the Chickasaw Nation ("Nation"). The Nation has now filed a Motion to Quash the subpoenas arguing sovereign immunity bars enforcement of the subpoenas.

In Response, Plaintiff does not dispute that sovereign immunity protects the Nation from a subpoena, but argues that same immunity does not apply to individual tribal officials or tribal officials who were not acting in their official capacities. Plaintiff further argues that Bonnet v. Harvest (U.S.) Holdings, Inc., 741 F.3d 1155 (10th Cir. 2014), supports its position. In its Reply, the Nation notes several problems with Plaintiff's reliance on Bonnet, which the Court finds compelling. First, the portion of Bonnet Plaintiff cites for its proposition is clearly dicta. The sentence quoted by Plaintiff is preceded by the

statement "we need not decide whether a tribal official is also immune from an appropriate federal discovery request." Id. at 1162. Second, as the Nation notes, Bonnet's view on the matter is likely no longer controlling in light of the Supreme Court's decision in Lewis v. Clarke, --- U.S. ---, 137 S.Ct. 1285 (2017). In Lewis, the Supreme Court noted that in deciding the applicability of sovereign immunity, the Court should determine who the real party in interest is – the tribe or the official. Id. at 1290. Here, the Nation has provided evidence demonstrating that the testimony sought by Plaintiff was created while Mr. Lance and Mr. Boren were acting in their capacities as officials of the Nation. Plaintiff has not refuted that evidence. Thus, the information sought by the subpoenas is held by the Nation and the Nation is the real party in interest. As a result, sovereign immunity applies, and the subpoenas must be quashed.

For the reasons set forth herein, Non-Party Movant Chickasaw Nation, Bill Lance, and David Daniel Boren's Special Appearance of Motion to Quash Subpoena (Dkt. No. 1) is GRANTED.

IT IS SO ORDERED this 8th day of July, 2020.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge